# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| RAYFIELD THIBEAUX, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17CV221 NCC |
| | ) | |
| TERRY M. STRADTMAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion to proceed in forma pauperis. The motion will be granted. Additionally, the Court will dismiss this action for improper venue and because it is barred by the statute of limitations.

## Background

Pro se plaintiff Rayfield Thibeaux filed the instant civil rights complaint pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Plaintiff sues: Terry M. Stradtman, Regional Commissioner of the Social Security Administration (headquartered in Philadelphia, Pennsylvania); Rebekah Gee, Director of the Louisiana Department of Health and Hospitals; and Burl Cain, Warden of the Louisiana State Penitentiary in Angola, Louisiana.

Plaintiff claims that defendant Cain violated his rights when Cain was the Warden and plaintiff was an inmate at the Dixon Correctional Institute in Jackson, Louisiana in 1982. According to plaintiff, he was "implanted" with a monitoring device in the "left cheek of his rectum" that is based on a modified version of a telemedicine instrumentation pack used to monitor astronauts' health in space. He asserts that he filed for social security disability in 2010 based on the fact that he has the monitoring device, but he was given disability based on a

diagnosis of schizophrenia, which he disputes.[1] Plaintiff states that defendant Cain gave access to doctors and medics from the mental health systems to enter the prison grounds to implant the device, and he asserts that the code for activating the device has been given to prison guards and the public. He seeks unspecified compensatory and punitive damages.

## Discussion

All of the events described in the complaint occurred in the Middle District of Louisiana; thus, this matter cannot be heard in this District.

Under 28 U.S.C. § 1391(b), a civil action may only be brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

Because the events that gave rise to this case occurred in the Middle District of Louisiana, venue is improper here.

Under 28 U.S.C. § 1406(b), "The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Because plaintiff has previously brought a case similar to this one in the Middle District of Louisiana, the Court does not find it in the interest of justice to transfer the instant matter at this time. *See Thibeaux v.*

---

[1]Plaintiff may not attempt to bring a § 1983 action in order to review his dispensation of social security benefits. Such matters must be left to the Social Security Administration and its proper administrative review process. His claims against defendant Stradtman are therefore subject to dismissal.

*Cain*, 6:14CV2409 RFD-PJH (M.D.LA. September 15, 2014). Additionally, plaintiff's case was dismissed by the Middle District of Louisiana as barred by the applicable statute of limitations, as the illegal surgery allegedly occurred in 1982.[2] *See Sulik v. Taney County, Mo.,* 393 F.3d 765, 766-67 (8th Cir. 2005) (Section 1983 claims are analogous to personal injury claims and are subject to Missouri's five-year statute of limitations); Mo. Rev. Stat. § 516.120(4).

For the aforementioned reasons, plaintiff's complaint will be dismissed because it was filed in the wrong venue and because it is barred by the applicable statute of limitations.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff's complaint is subject to dismissal because it was filed in the wrong venue and because it is barred by the statute of limitations.

**IT IS FURTHER ORDERED** that plaintiff's remaining motions are **DENIED AS MOOT**.

Dated this 19th day of January, 2017

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE

---

[2] The Court takes judicial notice of plaintiff's prior allegations in his complaint before the Middle District of Louisiana relating to the assertions in the instant complaint. In his prior case, plaintiff asserted that the implant was placed in his buttock in 1982. The Middle District of Louisiana found that his claims against defendant Cain were barred by the statute of limitations.